UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------×
LISSETTE BORJA,

        *Plaintiff,*                                                               17 CV 3133

    *v.*

J & M INDUSTRIES INC., *a/k/a* J & M CONSTRUCTION       **COMPLAINT**
MANAGEMENT INC., and JAMES FAUCI, *individually,*

        *Defendants.*
------------------------------------------------------------------------×

        Plaintiff Lissette Borja, by her counsel, The Harman Firm, LLP, alleges for her Complaint against Defendants J & M Industries Inc., a/k/a J & M Construction Management Inc., and James Fauci, individually, as follows:

**PRELIMINARY STATEMENT**

    1.     Plaintiff Lissette Borja ("Plaintiff" or "Ms. Borja") was employed as an Office Clerk at Defendant J & M Industries Inc., a/k/a J & M Construction Management Inc. ("J&M"), a commercial entity owned and operated by Defendant James Fauci ("Defendant Fauci").

    2.     During Ms. Borja's employment with J&M, Defendant Fauci regularly sexually assaulted Ms. Borja, including intentionally touching her buttocks, chest, and groin. Defendant Fauci told Ms. Borja that past Office Clerks would have sex with him and that he would give them raises for doing so. Ms. Borja rejected these "advances." Ultimately, unsatisfied, Defendant Fauci forced Ms. Borja to have sex with him in his office, raping her by vaginally penetrating her with his penis over his desk. Additionally, Defendant Fauci verbally abused Ms. Borja (Hispanic of Cruban and Ecuadorian descent), calling her various racial slurs, like "spic."

    3.     Defendant Fauci's brother, Anthony Fauci—a disbarred attorney who worked as a "legal consultant," among other things, for J&M—led Ms. Borja to believe that, because she had

1

been convicted of a felony, no one would hire her and she should be grateful that Defendant Fauci gave her a job, allowing her to support her children.

4. After several months of abuse, during which Ms. Borja suffered egregious emotional distress, Ms. Borja resigned to protect her health and personal safety.

5. Plaintiff seeks damages and costs against J&M for discriminating against her based on her race (Hispanic) by subjecting her to a hostile work environment and, ultimately, constructively terminating her employment, in violation of Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), 42 U.S.C. § 1981.

6. Plaintiff also seeks damages and costs against Defendants for discriminating against her based on her race (Hispanic) and sex (female) by subjecting her to a hostile work environment, *quid pro quo* sexual harassment, and, ultimately, constructively terminating her employment, in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq*.

7. Plaintiff also seeks damages and costs against Defendant Fauci for assault, battery, false imprisonment, and intentional infliction of emotional distress, in violation of the New York State common law.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's Section 1981 claims.

9. Pursuant to 28 U.S.C. § 1332, this Court has supplemental jurisdiction over Plaintiff's NYCHRL and common law claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

10. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Eastern District of New York, as a substantial part of the events giving rise to these claims occurred within this District.

## TRIAL BY JURY

11. Plaintiff respectfully requests a trial before a jury.

## PARTIES

12. Plaintiff, at all times relevant hereto, was and is a resident of New York County in the State of New York.

13. Upon information and belief, at all times relevant hereto, J&M was and is a corporation organized under the laws of the State of New York with offices located at 424 West 54th Street, New York, New York 10019 in New York County, 250 West 57th Street, New York, New York 10107 in New York County, and 4011 24th Street, Long Island City, NY 11101 in Queens County. At all relevant times, J&M employed approximately 20 workers.

14. Upon information and belief, at all times relevant hereto, Defendant Fauci was and is the owner and CEO of J&M.

15. Upon information and belief, Defendant Fauci is a resident of the State of New York.

16. Upon information and belief, Defendant Fauci completes forms on J&M's behalf, such as unemployment insurance forms, is J&M's agent for service of process, makes all hiring and firing decisions, determines employees' hours and schedules, and has the first say in all disciplining matters at J&M.

## STATEMENT OF FACTS

17. Ms. Borja is a Hispanic woman of Cuban and Ecuadorian descent.

18. Ms. Borja graduated from high school in 1999 from O'Savior Academy in Miami, Florida, and attended the University of Miami and Everest University.

19. Ms. Borja is a clerical professional with over ten years of administrative experience working with companies including Medical Care Services in Florida, FedEx Corporation, and Number One Staffing Care Professionals.

20. In and around July 2016, Ms. Borja applied for an Office Clerk position at J&M.

21. Anthony Fauci, Defendant James Fauci's brother and an employee of J&M, interviewed Ms. Borja.

22. Anthony Fauci held himself out as an employee of J&M: he, among other things, handed out memoranda to the laborers, made sure that J&M work sites were properly staffed, oversaw the work sites, and provided J&M with legal advice.

23. Prior to her hire, Ms. Borja shared with Anthony Fauci openly and honestly that, within the last five years, she had chosen to plead guilty to a larceny charge involving sending her food stamp card to her mother out of state so that she could feed her children.

24. J&M hired Ms. Borja as an Office Clerk at a rate of $15.00 per hour, working 40 to 50 hours per week.

25. As an Office Clerk, Ms. Borja's job duties included payroll, correspondence with other construction companies and contractors, sending out supply orders, answering phones, and serving as a receptionist.

26. Immediately upon Ms. Borja's hire, Defendant Fauci began to subject her to race and sex discrimination.

27. Defendant Fauci told Ms. Borja that his previous secretary had had sex with him and that he had given her a raise after she did so.

28. Defendant Fauci often told Ms. Borja, "If you would just suck my dick," or "If you would just fuck me," then "things would be better for you."

29. Defendant Fauci regularly sexually assaulted Ms. Borja by unwelcome touching, groping, and fondling in the J&M office.

30. Multiple times per week, Defendant Fauci touched Ms. Borja's breasts and vagina and said, "If you'll be nice, you'll be okay here."

31. Ms. Borja understood Defendant Fauci's comments to mean that her employment at J&M would be conditioned on her acceptance of his harassment and sexual advances and that, if she opposed his harassing and abusive behavior, her job would be in danger.

32. Defendant Fauci regularly spoke to Ms. Borja with vulgar, abusive, racist, and overtly sexual language, including:

   a. constantly cursing at Ms. Borja, saying, "What the fuck?" and "Fuck you," and calling her "motherfucker" and "stupid retard";

   b. harassing Ms. Borja with racial and ethnic slurs like "spic," including referring to Ms. Borja as "you fucking spic";

   c. making highly offensive, harassing comments about Ms. Borja's friendliness towards J&M's sole Black employee, James Dunbar, such as, "You spic—you're always with that nigger," and "Why are you always with the nigger? Everyone thinks you're fucking him." Defendant Fauci called Mr. Dunbar "nigger" directly to his face as well; and

   d. "I can get any secretary to suck my dick."

33. In and around late August 2016, Defendant Fauci sexually assaulted and raped Ms. Borja in the J&M office.

5

34. Defendant Fauci took Ms. Borja into his office and took off both his and her clothes. He then pushed Ms. Borja against a standing table next to his desk, forced her to perform oral sex on him, and vaginally raped her.

35. Ms. Borja told Anthony Fauci about Defendant Fauci's assault and rape.

36. Anthony Fauci responded only that Ms. Borja was forced to keep working at J&M because of her larceny conviction, telling her, "I was an attorney. You can't work anywhere else because of a felony, so you're lucky to be working here."

37. Ms. Borja did not welcome any of this conduct. She feared Defendant Fauci.

38. More than once, when Defendant Fauci insulted or tried to touch her, Ms. Borja told him, "Don't speak to me like that," "I'm not your child," and "I'm not a piece of shit."

39. Defendant Fauci carried a black handgun with him at nearly all times.

40. Defendant Fauci frequently withdrew his handgun in Ms. Borja's presence, stating that he would use it to threaten someone if he did not get his way.

41. Another J&M employee, Cesar Pagan, told Ms. Borja that he had seen Mr. Fauci withdraw the handgun to threaten someone.

42. In response to Ms. Borja's complaints, Defendant Fauci started to make threatening motions by making a gun shape with his hand and placing it to his head, implying that Ms. Borja would be dead for speaking up for herself. This happened in the office and in Defendant Fauci's car.

43. By December 2016, J&M and Defendant Fauci made Ms. Borja's working conditions so difficult that she would have frequent bursts of crying, had trouble leaving her home, and had regular nightmares.

44. Her work conditions were so unbearable that a reasonable person in her shoes would have felt compelled to resign.

45. On or about December 19, 2016, Ms. Borja, through counsel, sent J&M notice that Ms. Borja's medical provider had advised against her returning to work, as doing so would pose dangers to her health and safety, ending the employment relationship.

46. During and after her employment with J&M, Ms. Borja has suffered egregious emotional distress.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Hostile Work Environment Based on Race in Violation of Section 1981**
**(Against J&M)**

47. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 48 with the same force as though separately alleged herein.

48. Section 1981 prohibits an employer from discriminating against an employee on the basis of race.

49. J&M discriminated against Ms. Borja on the basis of her race by subjecting her to a hostile work environment, including offensive racial comments and slurs and treating her less well than other employees.

50. As such, J&M has violated Section 1981.

51. As a direct and proximate consequence of J&M's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

52. J&M's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against J&M.

## SECOND CAUSE OF ACTION
### Unlawful Termination in Violation of Section 1981
### (Against J&M)

53. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 53 with the same force as though separately alleged herein.

54. Section 1981 prohibits an employer from discriminating against an employee on the basis of race.

55. J&M's discrimination towards Plaintiff made it impossible for her to continue working there. J&M constructively terminated Plaintiff's employment, in violation of Section 1981.

56. As a direct and proximate consequence of J&M's race discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

57. J&M's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against J&M.

## THIRD CAUSE OF ACTION
### Hostile Work Environment in Violation of the NYCHRL
### (Against All Defendants)

58. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 57 with the same force as though separately alleged herein.

59. The NYCHRL prohibits an employer from discriminating against an employee on the basis of race or gender.

60. Defendants discriminated against Plaintiff on the basis of her race and gender by subjecting her to a hostile work environment, including offensive comments and slurs, sexual harassment, physical abuse, and treating her less well than other employees.

61. As such, Defendants have violated the NYCHRL.

62. As a direct and proximate consequence of Defendants' race and gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

63. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

## FOURTH CAUSE OF ACTION
*Quid Pro Quo* **Sexual Harassment in Violation of the NYCHRL**
**(Against All Defendants)**

64. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 63 with the same force as though separately alleged herein.

65. The NYCHRL prohibits an employer from discriminating against an employee on the basis of gender, including subjecting an employee to *quid pro quo* sexual harassment.

66. Defendants subjected Plaintiff to *quid pro quo* sexual harassment by subjecting her to unwelcome sexual advances and requests for sexual favors and requiring her to submit to the unwelcome advances as an express or implied condition for receiving job benefits and continued employment.

67. As such, Defendants have violated the NYCHRL.

68. As a direct and proximate consequence of Defendants' sexual harassment, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

69. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

**FIFTH CAUSE OF ACTION**
**Unlawful Termination in Violation of the NYCHRL**
**(Against All Defendants)**

70. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 69 with the same force as though separately alleged herein.

71. The NYCHRL prohibits an employer from discriminating against an employee on the basis of race or gender.

72. Defendants' discrimination towards Plaintiff on the basis of her race and gender made it impossible for her to continue working there.

73. As such, Defendants constructively terminated Plaintiff's employment.

74. As such, Defendants have violated the NYCHRL.

75. As a direct and proximate consequence of Defendants' race and gender discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic damages and emotional distress and suffering, all in amounts to be determined at trial.

76. Defendants' discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendants.

## SIXTH CAUSE OF ACTION
### Assault in Violation of the New York State Common Law
### (Against Defendant Fauci)

77. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 76 with the same force as though separately alleged herein.

78. Defendant Fauci threatened Plaintiff with bodily harm by verbally threatening her and physically cornering and intimidating her.

79. The act was intended to cause apprehension of harmful or offensive contact.

80. The act caused apprehension in Plaintiff that harmful or offensive contact would occur.

81. As a direct and proximate consequence of Defendant Fauci's assault, Plaintiff has suffered, and continues to suffer, substantial damages.

## SEVENTH CAUSE OF ACTION
### Battery in Violation of the New York State Common Law
### (Against Defendant Fauci)

82. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 81 with the same force as though separately alleged herein.

83. Defendant Fauci intentionally touched Plaintiff non-consensually in a harmful, offensive manner by sexually assaulting and raping her.

84. Defendant Fauci's actions caused Plaintiff actual physical and emotional injuries.

85. As a direct and proximate consequence of Defendant Fauci's battery, Plaintiff has suffered, and continues to suffer, substantial damages.

## EIGHTH CAUSE OF ACTION
### False Imprisonment in Violation of the New York State Common Law
### (Against Defendant Fauci)

86. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 85 with the same force as though separately alleged herein.

87. Defendant Fauci willfully and unlawfully restrained and confined Plaintiff without her consent by physically grabbing her, restraining her, and holding her so that she could not leave.

88. As a direct and proximate consequence of Defendant Fauci's false imprisonment, Plaintiff has suffered, and continues to suffer, substantial damages.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### in Violation of the New York State Common Law
### (Against Defendant Fauci)

89. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 88 with the same force as though separately alleged herein.

90. Defendant Fauci subjected Plaintiff to extreme and outrageous conduct, including rape, physical and sexual assault, verbal abuse and threats, and harassment concerning Plaintiff's race and gender.

91. Defendant Fauci intended his actions to cause, or disregarded a substantial probability that his actions would cause, severe emotional distress to Plaintiff.

92. As a direct result of Defendant Fauci's conduct, Plaintiff has suffered severe emotional distress leading to significant medical and psychological consequences.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

B. For the second cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

C. For the third cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

D. For the fourth cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

E. For the fifth cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

F. For the sixth cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

G. For the seventh cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

    H.  For the eighth cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial;

    I.  For the ninth cause of action, damages including but not limited to, economic, emotional, and punitive damages, pre-and post-judgment interest, attorney's fees, and costs, to be determined at trial; and

    J.  For such other and further relief as the Court deems just and proper.

Dated:    New York, New York
May 24, 2017

By: _[signature]_
Walker G. Harman, Jr. [WH-8044]
Edgar M. Rivera [ER-1378]
THE HARMAN FIRM, LLP
220 Fifth Avenue, Suite 900
New York, NY 10001
(212) 425-2600
wharman@theharmanfirm.com
erivera@theharmanfirm.com

*Attorneys for Plaintiff*