# THE HARMAN FIRM, LLP
Attorneys & Counselors At Law
www.theharmanfirm.com

Edgar M. Rivera
220 Fifth Avenue, Suite 900
New York, New York 10001
T: 212.425.2600 F: 212.202.3926
E: erivera@theharmanfirm.com

**CONFIDENTIAL MATERIAL**
**FOR USE AT SETTLEMENT CONFERENCE**

October 23, 2017

**VIA ECF**
Hon. Steven L. Tiscione
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: *Borja v. J & M Industries Inc.*, 17 CV 3133

Dear Judge Tiscione:

  We represent Plaintiff Lissette Borja in the above-referenced employment action and respectfully submit this *ex parte* settlement statement in advance of the October 26, 2017 Settlement Conference. Ms. Borja seeks damages from Defendants J & M Industries Inc. ("J&M") and James Fauci for discriminating against her based on her race and gender by subjecting her to a hostile work environment, *quid pro quo* sexual harassment, and constructively terminating her employment, in violation of Section 1981 of the Civil Rights Act of 1866 ("Section 1981"), and the New York City Human Rights Law ("NYCHRL"). Ms. Borja also seeks damages and costs against Mr. Fauci for assault, battery, false imprisonment, and intentional infliction of emotional distress, in violation of the New York State common law.

  **I.** **Facts**

  In July 2016, J&M, a construction company exclusively owned and operated by Mr. Fauci, hired Ms. Borja as an Office Clerk. During Ms. Borja's employment with J&M, Mr. Fauci regularly sexually assaulted Ms. Borja by intentionally touching her buttocks, chest and groin with impunity. Further, Mr. Fauci told Ms. Borja that past Office Clerks had sex with him and, in exchange, he would give them raises. Although Ms. Borja rejected Mr. Fauci's advances and harassment, ultimately, Ms. Fauci forced Ms. Borja to have sex with him in his office. In addition to subjecting Ms. Borja to sex-based discrimination, Mr. Fauci racially discriminated against Ms. Borja, who is Hispanic, by calling her various racial slurs like "spic."

  J&M did not have any policy by which Ms. Borja could safely report discrimination. Indeed, J&M discouraged Ms. Borja from complaining about discrimination. For instance, Mr. Fauci's brother, Anthony Fauci—a disbarred attorney who worked as a "legal consultant" for J&M—persuaded Ms. Borja to falsely believe that, because she had a prior criminal conviction,

**CONFIDENTIAL MATERIAL
FOR USE AT SETTLEMENT CONFERENCE**

no one would ever hire her. This "advice"—which is a gross misrepresentation of Ms. Borja's legal position—succeeded in keeping her quiet and submissive. After enduring several months of abuse, Ms. Borja left N&M on December 19, 2017 at the advice of her doctor to protect her health and personal safety.

During counsel's investigation of Plaintiff's claims, James Dunbar, a former employee of J&M, revealed that he personally witnessed Mr. Fauci touching Ms. Borja sexually and addressing her with racial slurs. Mr. Dunbar is expected to provide favorable testimony corroborating Ms. Borja's allegations.

## II.     Itemization of Damages

### A. *Economic Damages*

During her employment with Defendants, Ms. Borja earned $15 per hour and worked approximately 40 to 50 hours per week. Accordingly, Ms. Borja's weekly wage was approximately $712.50, and her annual earnings were approximately $37,050.

**Back Pay:** Ms. Borja was unemployed for approximately 19 weeks following her constructive termination from Defendants on December 19, 2016. Ms. Borja's back pay damage from this period amounts to $13,537.50. From May 1, 2017, to June 11, 2017, Ms. Borja was employed as a Crew Member at Five Guys, where she earned $12 per hour and worked approximately 28 to 30 hours per week, for a weekly wage of approximately $348. Ms. Borja's back pay damage for this six-week period amounts to $2,187. Ms. Borja has been unemployed since June 11, 2017. Her back pay damage from June 11, 2017 to the present amounts to $7,481.25. Accordingly, Ms. Borja's total back pay damages are $23,205.75.

**Front Pay:** Despite her best efforts, Ms. Borja has been unable to find comparable employment since December 19, 2016, when Defendants constructively terminated her employment. Given her difficulty finding employment, Ms. Borja expects to remain unemployed for at least one year from the present. Ms. Borja's front pay damages exceed $40,000.

To date, Plaintiff's economic damages exceed $60,000.

### B.     *Emotional Distress Damages*

Ms. Borja seeks emotional distress damages from Defendants for sexual harassment and verbal abuse. Given Defendants' conduct, Ms. Borja estimates that her emotional distress damages exceed $100,000. *See Styka v. My Merchs. Servs. LLC,* No. 14 Civ. 6198, 2016 U.S. Dist. LEXIS 34238, at *12 (E.D.N.Y. Mar. 15, 2016) (noting that awards of over $100,000 have been warranted where the discriminatory conduct was outrageous and shocking).

CONFIDENTIAL MATERIAL
FOR USE AT SETTLEMENT CONFERENCE

### III. Pre-Conference Exchange of Demand and Offer

On August 23, 2017, Plaintiff provided Defendants with a detailed itemization of damages in her Initial Disclosures. On October 23, 2017, Plaintiff sent Defendants the same itemization with a demand by email, to which Defendant responded with an offer of $5,000. This email exchange is attached as Exhibit A.

### IV. Settlement History

As discussed, Plaintiff demanded $65,000 on October 23, 2017 to resolve the matter. Defendants responded with an offer of $5,000.

### V. Ms. Borja's Proposed Settlement Terms

Ms. Borja is completely prepared to fully litigate her case and should this matter go before a jury, she could expect a comprehensive award for economic, emotional distress, and punitive damages, as well as attorneys' fees. Notwithstanding the opportunity for a large financial award, Mr. Borja wishes to resolve her dispute without a protracted legal battle and has authorized us to settle her claims for $30,000 at minimum.

We thank Your Honor for your continued time and attention to this matter.

Respectfully submitted,

Edgar M. Rivera, Esq.

# Exhibit A

| From: | **Stephen Hans** shans@hansassociates.com |
|---|---|
| Subject: | RE: Borja v. J & M - Exchange of Offer and Demand |
| Date: | October 23, 2017 at 4:48 PM |
| To: | Edgar Rivera erivera@theharmanfirm.com |
| Cc: | Walker G. Harman, Jr. wharman@theharmanfirm.com, Jason Mattar jmattar@hansassociates.com |



FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

Dear Edgar,

We are also still in the process of evaluating our legal position in light of documents that have only recently come into our possession. Defendants hereby write to the Plaintiff to convey a pre-conference settlement offer.

After reviewing the Plaintiff's demand and discussing it with the Defendants, Defendants have authorized an initial offer of $5,000.00 for the settlement of all claims. The Defendants still deny the allegations in the Complaint entirely; however, Defendants are willing to negotiate in good faith in accordance with Judge Tiscione's procedures.

Sincerely,

Stephen D. Hans
Stephen D. Hans & Associates, P.C.
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: (718) 275-6700
Fax: (718) 275-6704
www.hansassociates.com

**************************************************************************
This transmittal and/or attachments may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you have received this transmittal in error, please notify us immediately by reply or by telephone at (718) 275-6700 and immediately delete this message and any attachments.
**************************************************************************

**From:** Edgar Rivera [mailto:erivera@theharmanfirm.com]
**Sent:** Monday, October 23, 2017 12:59 PM
**To:** Jason Mattar <jmattar@hansassociates.com>
**Cc:** Walker Harman <wharman@theharmanfirm.com>; Stephen Hans <shans@hansassociates.com>
**Subject:** Borja v. J & M - Exchange of Offer and Demand

FOR SETTLEMENT PURPOSES ONLY
NOT TO BE USED IN LITIGATION

Dear Jason,

Although we are still in the process of evaluating Ms. Borja's legal positions in light of Defendant's recent document production, to comply with the Court's directive, Plaintiff writes to prove an itemization of damages and make a pre-conference demand.

I.      **Itemization of Damages**

As stated in Plaintiff's Initial Disclosures, Plaintiff's itemization of damages is as follows:

*Back Pay and Front Pay*
During her employment with Defendants, Ms. Borja earned $15.00 per hour and worked approximately 40 to 50 hours per week. Accordingly, Ms. Borja's weekly wage was approximately $712.50, and her annual earnings were approximately $37,050.
**Back Pay:** Ms. Borja was unemployed for approximately 19 weeks following her termination from Defendants on December 19, 2016. Ms. Borja's back pay damages from this period total $13,537.50. From May 1, 2017, to June 11, 2017, Ms. Borja was employed as a Crew Member at Five Guys, where she earned $12.00 per hour and worked approximately 28 to 30 hours per week, for a weekly wage of approximately $348.00. Ms. Borja's back pay damages for this six-week period total $2,187.00. Ms. Borja has been unemployed since June 11, 2017. Her back pay damages from June 11, 2017, to the present total $7,481.25. Ms. Borja's total back pay damages are $23,205.75.
**Front Pay:** Despite her best efforts, Ms. Borja has been unable to find comparable employment since her termination from Defendants on December 19, 2016. Given her difficulty, Ms. Borja expects a period of continued unemployment of at least one year from the present. Ms. Borja's front pay damages exceed $40,000.
To date, Plaintiff's economic damages exceed **$60,000.00**.
*Emotional Distress Damages*
Ms. Borja seeks emotional distress damages from Defendants for race and sex discrimination, assault, battery, false imprisonment, and intentional infliction of emotional distress. Given Defendants' conduct and Ms. Borja's symptoms, Ms. Borja estimates her emotional distress damages to be in excess of $100,000. *See Styka v. My Merchs. Servs. LLC*, No. 14 Civ. 6198, 2016 U.S. Dist. LEXIS 34238, at *12 (E.D.N.Y. Mar. 15, 2016) (noting that awards of **over $100,000** have been warranted where the discriminatory conduct was outrageous and shocking or where the physical health of plaintiff was significantly affected).

II.     **Demand**

For the purposes of the October 26, 2017 Settlement Conference, Plaintiff makes an initial demand of $65,000. We want to make it clear that we are making this demand in a good faith attempt to settle the matter and will withdraw the demand if the parties are unable to resolve the case during the Settlement Conference. We look forward to hearing your clients' response.

Thank you,

Ed

Edgar M. Rivera
Associate
The Harman Firm, LLP
220 Fifth Avenue | Suite 900 | New York NY 10001
t 212.425.2600 | m 646.400.2249 | f 212.202.3926
erivera@theharmanfirm.com
www.theharmanfirm.com

This message and any attached file are intended only for the person or entity to which they are addressed, and may contain information that is privileged, confidential, or otherwise protected from disclosure. Dissemination, distribution, or copying of this message or the information herein by anyone other than the intended recipient, or an agent thereof, is prohibited. If you have received this message in error, please notify us immediately.